UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>                       Plaintiff,            )<br>                                                              )<br>             v.                                              )<br>                                                              )<br>TWINING SERVICES CORPORATION,  )<br>                                                              )<br>                       Defendant.          )<br>_____)  | Case No. |

## COMPLAINT

The United States of America alleges:

1. This action is brought by the United States to enforce the Fair Housing Act ("Act"), 42 U.S.C. §§ 3601-19.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 1345 and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b) & (c), because Defendant resides in this District and owns and operates a retirement community in this District called Twining Village.

### Defendant

4. Defendant Twining Service Corporation is a Pennsylvania for-profit corporation with its principal place of business at 280 Middle Holland Road, Holland, Pennsylvania 18966. At all times relevant to this complaint, it has owned and operated Twining Village, a continuing care retirement community for persons aged 65 and older, and leased the rental units there.

5. Twining Village is located at 280 Middle Holland Road, Holland, Pennsylvania

18966. It has the capacity to house 450 residents in independent living ("Twining Village"), assisted living ("Twining Manor") and skilled nursing units ("Twining Hall"). The complex has numerous common use areas, including three dining rooms; a Community Center with an auditorium, pool, library, hair care shop, and hobby room; and a woodworking shop, garden room, movie room, and arts and crafts room at Twining Manor. Three meals per day are served in the dining rooms.

### Violations of the Fair Housing Act, as amended

6. The allegations of paragraphs 1 through 5 are hereby incorporated by reference.

7. Twining Village comprises "dwellings" within the meaning of 42 U.S.C. § 3602(b).

8. Residents, applicants, and prospective residents at Twining Village who have disabilities such that they use mobility aids, including canes, walkers, wheelchairs, powered wheelchairs, and powered scooters, are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

9. Defendant has and employs a policy that prohibits residents and prospective residents from using manual wheelchairs, powered wheelchairs, and/or powered scooters in the dining rooms at Twining Manor and at the Community Center.

10. Defendant has and employs a policy that prohibits residents and prospective residents from using powered wheelchairs and/or powered scooters in Twining Manor and areas of the Community Center, including the auditorium, lounge, dining room, library, and mail room.

11. Defendant has and employs a policy requiring residents who use motorized mobility aids to sign a "Motorized Cart Registration" which mandates that such residents indemnify and hold Defendant harmless for any injuries or damage caused by the scooter, and that requires

residents to undergo yearly evaluation and training regardless of how they have operated their scooter in the preceding year.

12. Defendant, through the actions described in paragraphs 6-11, above, has

    a. Discriminated in the rental of, or otherwise made unavailable or denied, dwellings to renters because of handicap, in violation of 42 U.S.C. § 3604(f)(1); and,

    b. Discriminated in the terms, conditions, or privileges of rental of a dwelling, and in the provision of services or facilities in connection with such a dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(2);

13. Defendant's conduct, described above, constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

14. On information and belief, there are persons who have been injured by, and may have suffered damages as a result of, Defendant's conduct. All of these persons are aggrieved persons as defined in 42 U.S.C. § 3602(i).

15. Defendant's conduct, described above, was intentional, willful, and taken in disregard for the rights of others.

## **Prayer for Relief**

WHEREFORE, the United States prays that the Court enter an ORDER that:

1. Declares that Defendant's discriminatory policies and practices, as alleged herein, violate the Fair Housing Act, 42 U.S.C. §§ 3601-19:

2. Enjoins Defendant, its officers, agents, employees, and successors, and all other persons in active concert or participation with it from:

   a. Discriminating on account of disability against any person in any aspect of the rental of a dwelling;

   b. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Act; and,

   c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant's past unlawful practices to the position they would have been in but for the discriminatory policies and practices.

3. Awards monetary damages to all persons harmed by Defendant's discriminatory practices for injuries caused by Defendant's discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

4. Assesses a civil penalty against Defendant in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C).

The United States further prays for such additional relief as the interests of justice may require.

                                                    Respectfully submitted,

                                                    ALBERT R. GONZALES
                                                    Attorney General

| | |
|---|---|
| PATRICK L. MEEHAN<br>United States Attorney | BRADLEY J. SCHLOZMAN<br>Acting Assistant Attorney General |
| Virginia A. Gibson<br>Chief, Civil Division | STEVEN H. ROSENBAUM, Chief<br>Housing and Civil Enforcement Section |
| Annetta Givhan<br>Assistant United States Attorney<br>615 Chestnut Street, Ste. 1250<br>Philadelphia, PA 19106<br>Phone : (215)861-8200<br>Fax: (215) 861-8609 | NICOLE PORTER, Deputy Chief<br>SUSAN BUCKINGHAM REILLY, Trial Attorney<br>D.C. Bar # 273011<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>Phone: (202) 370-2230<br>Fax: (202) 514-1116 |