UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|                                     ) | Case No. |
|            Plaintiff,      ) | |
|                                      ) | |
| v.                                ) | |
|                                     ) | |
| TWINING SERVICES CORPORATION,  ) | |
|    d/b/a TWINING VILLAGE,        ) | |
|             Defendant.      ) | |
| _____) | |

**CONSENT ORDER**

      The United States' Complaint alleges that defendant Twining Services Corporation ("TSC"), d/b/a/ Twining Village, discriminated against Twining Village residents on the basis of disability in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("the Act").[1] This Consent Order resolves the case.

### I. BACKGROUND

      1. TSC is a Pennsylvania for-profit corporation that owns and operates Twining Village, a continuing care retirement community for persons aged 65 and older, and leases the rental units there. It has the capacity to house 450 residents in independent living ("Twining Village"), assisted living ("Twining Manor") and skilled nursing units ("Twining Hall"). The complex has numerous common use areas, including three dining rooms; a Community Center with an auditorium, pool, library, hair care shop, and hobby room; and a woodworking shop, garden room, movie room, and arts and crafts room at Twining Manor.

      2. Twining Village comprises "dwellings" within the meaning of the Act, 42 U.S.C. § 3602(b). Residents, applicants, and persons who may be interested in becoming residents at the complex who have disabilities requiring the use of mobility aids, including canes, walkers,

---

[1] This Consent Order uses the term "disability" in addition to "handicap," with which it is synonymous.

manual wheelchairs, and motorized wheelchairs and scooters, are "handicapped" within the meaning of the Act, 42 U.S.C. § 3602(h).

3. The Complaint alleges that TSC employed or employs several policies, both written and unwritten, that discriminate against persons with disabilities, including: 1) banning the use of manual wheelchairs, motorized wheelchairs, and motorized scooters in the dining rooms of two of the three residential facilities, Twining Manor and Twining Village; 2) additionally restricting the public and common use areas in which motorized wheelchairs and scooters may be used in Twining Manor and Twining Village; and 3) requiring persons who use motorized scooters to indemnify TSC and to submit to an evaluation and training program annually, regardless of their "driving record."

4. The Complaint alleges further that, through these policies and practices, TSC has discriminated in violation of the Fair Housing Act and that this conduct constitutes a pattern or practice of discrimination in violation of the Act and a denial to a group of persons of rights granted by the Act, which raises an issue of general public importance.

5. TSC denies that they have violated any provisions of the Fair Housing Act.

6. The parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

7. The parties agree that, in order to avoid costly and protracted litigation, the claims against TSC should be resolved without further proceedings and an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the parties agree to the entry of this Consent Order. This Consent Order constitutes full resolution of the United States' claims that TSC discriminated against persons with mobility impairments at Twining Village.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II. INJUNCTIVE RELIEF

8. TSC, its officers, employees, agents, successors and assigns are enjoined from:

a) Discriminating on the basis of disability as prohibited by the Fair Housing Act, 42

U.S.C. §§ 3601-19.

     b) Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Act, including anyone who participated in any way in the United States' investigation of the allegations that gave rise to this action.

     c) Prohibiting residents with disabilities who use mobility aids (*e.g.*, wheelchairs, motorized wheelchairs or scooters) from using such aids inside any common use building or in any dining room.

     d) Requiring residents with disabilities who use motorized mobility aids to indemnify TSC for injuries or damage resulting from the use of such aids. TSC reserves the right to assess a minimal service/maintenance fee resulting from any resident's neglect or failure to adhere to TSC policies that result in physical damage to the existing facility.

     e) Restricting the use of motorized mobility aids by persons with disabilities, unless such use would constitute a direct threat to the health or safety of others or would result in substantial physical damage to the property of others. *See* 42 U.S.C. § 3604(f)(9).

### III. NON-DISCRIMINATION POLICY

9. TSC shall, within 10 days of entry of this Order, implement a policy ensuring nondiscrimination against persons with disabilities who use mobility aids. This policy, the "Mobility Aids Policy," is attached at Appendix A.

10. Within 10 days of the entry of this Order and throughout the term of this Order, TSC shall post and prominently display the following in the rental office, dining halls, and Community Center at Twining Village: a) the Mobility Aids Policy, and b) a sign no smaller than 10 inches by 14 inches stating that all dwellings are available for rent on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

11. Within 10 days of the entry of this Order, TSC shall provide a copy of the Mobility

Aids Policy to all Twining Village residents. In addition, throughout the term of this Order, TSC shall include in its application packet, and provide to all applicants and prospective applicants, a copy of the Mobility Aids Policy, to the extent such application or prospective applicant should require such Mobility Aids.

12. Throughout the term of this Order, TSC shall ensure that all Twining Village advertising in newspapers, telephone directories, radio, television, internet, or other media, and on signs, pamphlets, brochures and other promotional literature, includes the fair housing logo and words "equal housing opportunity provider." The words or logo shall be prominently placed and easily legible. Any advertising or promotional literature, including on the internet, that displays human models shall include at least one model using a mobility aid, *i.e.*, wheelchair, motorized wheelchair or scooter, walker, crutches, or cane.

### IV. TRAINING

13. Within 10 days of the entry of this Order, TSC shall provide a copy of this Order and the Mobility Aids Policy to all its agents and employees with direct or supervisory authority for renting at and/or managing Twining Village and shall secure the signed statement from each agent or employee acknowledging that he or she has received, read and understands the Order and the Policy, and has had an opportunity to have questions about the Order and Policy answered. This statement shall be substantially in the form of Appendix B.

14. Within 10 days after the date on which a new agent or employee with direct or supervisory authority for renting at and/or managing Twining Village commences an agency relationship or employment with TSC, TSC shall provide to such new agent or employee a copy of this Order and the Mobility Aids Policy and require him or her to sign a statement acknowledging that he or she has received, read and understands the Order and Policy, and had an opportunity to have questions about the Order and Policy answered. This statement shall be substantially in the form of Appendix B.

15. Within 60 days of the date of entry of this Consent Order, TSC and all employees and

agents with direct or supervisory authority for renting at and/or managing Twining Village shall undergo fair housing training. The training shall focus on discrimination because of disability. The training shall be conducted by a qualified third party, approved by the United States, and any expenses associated with this training shall be borne by TSC. Those who attend the training shall be required to sign a certification confirming their attendance, in a form substantially equivalent to Appendix C.

## V. DAMAGES FOR AGGRIEVED PERSONS

16. TSC shall pay the total sum of SEVENTEEN THOUSAND FIVE HUNDRED ($17,500) in monetary damages to aggrieved resident Gertrude Gallagher, an individual with a disability and current Twining Manor tenant. TSC shall pay this sum within 30 days of the date of entry of this Order, by sending a check payable in that amount to Gertrude Gallagher, care of the United States, provided that no amount shall be paid pursuant to this paragraph before Gertrude Gallagher has executed a written release (Attachment E) of all claims, legal or equitable, that she might have against Defendant relating to the claims asserted in this lawsuit.

17. Within 30 days of the entry of this Order, TSC shall deposit in an interest-bearing escrow account the total sum of SIXTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($67,500) for the purpose of paying monetary damages to additional aggrieved persons who may have suffered as a result of TSC's policies and practices regarding persons with disabilities who use mobility aids. This money shall be referred to as "the Settlement Fund." Any interest accruing to the fund shall become a part of the fund and be utilized for the payment of claims. If there is a remainder after the payment of claims, the remainder and the interest it has accrued shall revert to TSC.

18. Within 10 days of the entry of this Order, TSC shall send a copy of the "Notice to Potential Victims of Housing Discrimination ("Notice"), set forth as Appendix D, to the following organizations:

Liberty Resources, Inc.
1341 North Delaware Avenue, Suite 105
Philadelphia, PA 19125-4314

Pennsylvania Protection & Advocacy, Inc.
1414 North Cameron Street, Suite C
Harrisburg, PA 17103

Center for Disability Law and Policy
1617 JFK Boulevard, Suite 800
Philadelphia, PA 19103

New Jersey Protection and Advocacy, Inc.
210 S. Broad Street, 3rd Fl.
Trenton, NJ 08608

Statewide Independent Living Councils
Moceans Center for Independent Living
279 Broadway, 2nd Floor
Long Branch, NJ 07740

Pennsylvania Human Relations Commission
Pennsylvania Place, Suite 300
301 Chestnut Street
Harrisburg, PA 17101-2702

19. Within 10 days of the entry of this Order, TSC shall send by first-class mail, postage prepaid, a copy of the Notice to each current tenant and former tenant who lived at Twining Village at any time since January 5, 2003, to the extent discernible from their records. To the extent TSC generates a list of addressees in electronic format, it shall be produced to the United States in electronic format within 45 days of the mailings.

Notices will be sent to residents who vacated their unit at Twining Village during this time by sending the Notices to the former resident's last known mailing address, if such information was provided. Within 45 days of entry of this Order, TSC shall provide to counsel for the United States proof that the Notice has been sent.

20. If TSC is unable to comply with paragraph 18 above, TSC, within 45 days of the entry of this Order, shall publish the Notice, sized no smaller than three columns by six inches, in each of the following newspapers on three occasions:

    a. The Bucks County Courier Times (Levittown, PA)
    b. The Intelligencer, (Doylestown, PA)
    c. Philadelphia Inquirer (Philadelphia, PA)
    d. The Times (Trenton, NJ)

The three publication dates per newspaper shall be separated from one another by at least 21 days, and at least two of the publication dates shall be on a Sunday. Within 10 days of each publication date, TSC shall provide the original newspaper containing the Notice to counsel for the United States.

21. Nothing in this section shall preclude the United States from making its own efforts

to locate and provide notice to potential aggrieved persons.

22. The United States shall investigate the claims of allegedly aggrieved persons and, within 180 days from the date of the last Notice issuance or publication, shall make a preliminary determination of which persons are aggrieved and an appropriate amount of damages that should be paid to each such person. The United States will inform TSC, in writing, of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim. TSC shall have 14 business days to review the declaration and provide to the United States any documents or information that they believe may refute the claim.

23. After receiving TSC's comments, the United States shall submit its final recommendations to the Court for approval, together with a copy of the declarations and any additional information submitted by TSC. When the Court issues an order approving or changing the United States' proposed distribution of funds for aggrieved persons, TSC shall, within 10 days of the Court's order, deliver to counsel for the United States checks payable to the aggrieved persons in the amounts approved by the Court. In no event shall the aggregate of all such checks exceed the sum of the Settlement Fund, including accrued interest. No aggrieved person shall be paid until he/she has executed and delivered to counsel for the United States the release at Appendix E.

24. TSC shall permit the United States, upon reasonable notice, to review any records that may facilitate its determinations regarding the claims of allegedly aggrieved persons.

25. If, after all payments to aggrieved persons have been made, a balance remains in the fund, the balance remaining shall be returned to TSC including accrued interest.

## VI. CIVIL PENALTY

26. Within 10 days after the entry of this Consent Order, TSC shall pay SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500) as a civil penalty to the United States pursuant to 42 U.S.C. § 3614(d)(1)(C). This payment shall be delivered to counsel for the United

States in the form of a check payable to the "United States Department of Justice."

### VII. RECORD KEEPING AND MONITORING

27. Within 30 days of the entry of this Order, and thereafter on the anniversary of the entry of this Order, TSC shall submit to the United States the signed statement of each agent and employee referred to in paragraphs 13-14, above.[2]

28. Within 45 days after the training required by paragraph 15, above, TSC shall provide to the United States: the name(s), address(es) and telephone number(s) of the trainer(s); copies of the training outlines and any materials distributed by the trainers; and the signed certifications of each employee and agent referred to in paragraph 14, above, confirming their attendance at the training.

29. With respect to the rental of apartments, TSC will maintain:

   (a) An Inquiry Register for all persons who inquire about renting an apartment. The Register shall contain space for each person to record the following information: the date of inquiry; the person's name, current address and telephone number; whether the person uses any mobility aid, and if so, what type; and the person's signature. The top portion of the Register shall contain the following disclaimer: "The following information is requested to assist Twining Village in complying with the Fair Housing Act and will be kept confidential. Indicating that you use a manual wheelchair, motorized wheelchair or scooter, or other assistive device for mobility is voluntary, and this information is not required in order to rent an apartment."

   (b) A list of all dwelling units occupied by a person or persons who use a mobility aid.

30. On the anniversary of the entry of this Order throughout the term of the Order, TSC

---

[2] All submissions to the United States or its counsel shall be made to: U.S. Department of Justice, Civil Rights Division, Housing and Civil Enforcement Section – NWB, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, Attn: DJ No. 175-62-375.

shall deliver to the United States copies of the materials required by the preceding paragraph for the preceding year.

31. For the duration of this Order, TSC shall preserve all records related to this Order and to all residential retirement communities owned, operated, or acquired by it. Such documents include, but are not limited to, advertisements, applications, leases, resident assessment materials, tenant files, policies and procedures, and inquiry logs. Upon reasonable notice to TSC, representatives of the United States shall be permitted to inspect and copy any of TSC's records or inspect any covered dwelling under TSC's control at any and all reasonable times so as to determine compliance with the Consent Order; provided, however, that the United States shall endeavor to minimize any inconvenience to TSC from such inspections.

32. During the term of this Consent Order, TSC shall notify counsel for the United States in writing within 15 days of receipt of any formal complaint against TSC, its agents or employees, regarding equal opportunity or discrimination in housing. If the complaint is written, TSC shall provide a copy of it with the notification; if the complaint is oral, TSC shall include a written summary of it with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. TSC shall also promptly provide the United States all information it may request concerning any such complaint. TSC shall provide the United States with the details of any resolution of such complaints within 15 business days of resolution.

33. The United States may take steps to monitor TSC's compliance with this Consent Order including, but not limited to, conducting fair housing tests at Twining Village to determine if TSC is violating any part of this Order.

## VII. DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

34. This Consent Order shall remain in effect for three years after the date of its entry.

35. By consenting to entry of this Order, the parties agree that in the event it is determined in any future action or proceeding brought by the United States or any agency thereof

that TSC engaged in any violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" by TSC pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

36. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of the Order, after which time the case shall be dismissed with prejudice.

37. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.

### IX. TIME FOR PERFORMANCE

38. Any time limits for performance imposed by this Consent Order may be extended by the mutual agreement of the United States and Defendant.

### X. COSTS OF LITIGATION

39. Each party to this Consent Order shall bear its own costs and attorney's fees associated with this litigation.

**IT IS SO ORDERED**:

This _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

Agreed to by the parties as indicated by their signatures below:

*For the United States:*

PATRICK L. MEEHAN
United States Attorney

Virginia A. Gibson
Chief, Civil Division

Annetta Foster Givhan
Assistant United States Attorney
615 Chestnut Street, Ste. 1250
Philadelphia, PA 19106
Phone : (215)-861-8319
Fax: (215) 861-8349

BRADLEY J. SCHLOZMAN
Acting Assistant Attorney General

STEVEN H. ROSENBAUM
Chief

NICOLE PORTER
Deputy Chief

SUSAN BUCKINGHAM REILLY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Avenue, N.W. - NWB
Washington, D.C. 20530
Phone: (202) 307-2230
Fax: (202) 514-1116

*For Twining Services Corporation:*

Denise Miller
Chief Executive Officer
Twining Services Corporation
280 Middle Holland Road
Holland, Pennsylvania 18966

Jeffrey M. Daitz
Attorney-of-Record for
Twining Services Corporation
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, New Jersey 07761

Agreed to by the parties as indicated by their signatures below:

*For the United States:*

PATRICK L. MEEHAN
United States Attorney

Virginia A. Gibson
Chief, Civil Division

Annetta Foster Givhan
Assistant United States Attorney
615 Chestnut Street, Ste. 1250
Philadelphia, PA 19106
Phone : (215)-861-8319
Fax: (215) 861-8349

BRADLEY J. SCHLOZMAN
Acting Assistant Attorney General

STEVEN H. ROSENBAUM
Chief

NICOLE PORTER
Deputy Chief

SUSAN BUCKINGHAM REILLY
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Avenue, N.W. - NWB
Washington, D.C. 20530
Phone: (202) 307-2230
Fax: (202) 514-1116

*For Twining Services Corporation:*

Denise Miller
Chief Executive Officer
Twining Services Corporation
280 Middle Holland Road
Holland, Pennsylvania 18966

Jeffrey M. Daitz
Attorney-of-Record for
Twining Services Corporation
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, New Jersey 07761

Page 11 of 16

## **MOBILITY AIDS POLICY**

It is the policy of Twining Services Corporation ("TSC") to comply with Title VIII of the Civil Rights Act of 1968 (commonly known as the Fair Housing Act) by ensuring that housing is available to all persons without regard to race, color, religion, national origin, disability, familial status or sex. This policy means, among other things, that residents of Twining Village who have physical disabilities that require the use of mobility aids such as wheelchairs, motorized wheelchairs, or scooters may use such aids throughout the entire Twining Village complex including, but not limited to, the dining rooms and community center auditorium. A resident may be prohibited from using an aid, however, if there is evidence that he or she is operating the aid in such a way that it would constitute a direct threat to the health or safety of others or would result in substantial physical damage to the property of others. *See* 42 U.S.C. § 3604(f)(9).

Additionally, TSC may not require residents or prospective residents with disabilities who use motorized mobility aids to prove that they need such aids or to provide a physician's statement that such an aid is necessary. In addition, TSC agents and employees may not require residents or prospective residents with disabilities who use motorized mobility aids to prove that they can operate such aids to TSC's satisfaction. TSC will not require individuals with disabilities who use motorized mobility aids to indemnify or otherwise insure TSC against injuries or damage resulting from the use of such aids, but may assess a fee from any resident whose neglect or failure to adhere to TSC policies results in physical damage to the facility.

All prospective tenants shall be provided with a copy of this policy at the time of application. All current tenants shall be provided with a copy of this policy as soon as possible after it publication.

Any action taken by an agent or employee that results in the unequal service, treatment or behavior to prospective or actual tenants on the basis of disability may constitute a violation of the federal fair housing laws. Any prospective or actual tenant who believes that the above-described policy has been violated by TSC, its agents or employees may engage in the following complaint procedure or contact the U.S. Department of Housing and Urban Development at 1-800-669-9777 or the U.S. Department of Justice at 1-800-896-7743 or 202-514-4713.

*United States v. Twining Services Corporation (E.D. Penn.) – Appendix A*

## EMPLOYEE ACKNOWLEDGMENT

I, _____, have received and read the Consent Order entered by the U.S. District Court in *United States v. Twining Services Corporation* (E.D. Penn.) and the Mobility Aids Policy at Appendix A. I was given an opportunity to ask questions about the Consent Order and Policy. I understand my legal responsibilities and will comply with those responsibilities. I further understand that the Court may impose sanctions on me if I violate a provision of the Order and that my employer may also discipline me if I violate a provision of the Order.

_____
Signature

_____
Job Title

Dated: _____

*United States v. Twining Services Corporation (E.D. Penn.) – Appendix B*

## EMPLOYEE CERTIFICATION OF TRAINING

On _____ (date), I, _____, was instructed by _____ with respect to my responsibilities under the Fair Housing Act. I understand my legal responsibilities and will comply with those responsibilities.

_____
Signature

_____
Job Title

Dated: _____

*United States v. Twining Services Corporation (E.D. Penn.) – Appendix C*

**Notice to Potential Victims of Housing Discrimination**

**ATTENTION: PERSONS WITH DISABILITIES THAT AFFECT WALKING AND WHO LIVED AT TWINING VILLAGE IN HOLLAND, PENNSYLVANIA AT ANY TIME SINCE JANUARY 1, 2003**

On _____, 2005, the United States District Court for the Eastern District of Pennsylvania entered a Consent Order brought by the United States against Twining Village alleging that it violated the Fair Housing Act as applied to qualified individuals with disabilities.

Under this Consent Order, a person with a disability that affects walking may be entitled to monetary compensation if you or your spouse:

- WERE REQUIRED TO FOREGO THE ASSISTANCE OF A MANUAL WHEELCHAIR, OR MOTORIZED WHEELCHAIR OR SCOOTER IN ORDER TO ACCESS THE DINING ROOMS, TWINING HALL (assisted living area), AND COMMUNITY CENTER;

- WERE REQUIRED TO INDEMNIFY OR HOLD TWINING SERVICES CORPORATION HARMLESS AS A CONDITION OF RESIDENCY BECAUSE YOU OR YOUR SPOUSE USE A MOTORIZED SCOOTER;

- WERE REQUIRED TO SUBMIT TO AN EVALUATION AND TRAINING PROGRAM ANNUALLY, REGARDLESS OF YOUR SCOOTER "DRIVING RECORD," IF YOU USE A MOTORIZED SCOOTER

If you wish to make a claim for discrimination on the basis of disability, please telephone the **U.S. Department of Justice at 1-800-896-7743 ext. X toll free.** You may also fax us at 202-514-1116 or write to:

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W. – NWB
Washington, D.C. 20530, Attn: 175-62-375

You must call or write on or before [DATE], and your message or letter must include your name, address, and, if possible, at least TWO telephone numbers where you may be reached.

*United States v. Twining Services Corporation (E.D. Penn.) – Appendix D*

## RELEASE

In consideration of the payment of the sum of XXXXXXXXX dollars ($          ), pursuant to the Consent Order entered in United States v. Twining Services Corporation, Civ. No. __ (E.D. Penn.), I hereby release Twining Services Corporation from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in the action as of the date of the entry of that Consent Order. I fully acknowledge and agree that this release of Twining Services Corporation shall be binding on my heirs, representatives, executors, successors, administrators, and assigns.

I hereby acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained legal advice, I voluntarily and knowingly waive my right to do so.

I acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

_____

(Signature)

NAME: _____

ADDRESS: _____

_____

DATE: _____

*United States v. Twining Services Corporation (E.D. Penn.) – Appendix E*

Page 16 of 16